IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13CV174-RJC-DSC

| | |
|---|---|
| DARNICE MICHELLE WILLIAMS-WRIGHT, ) )  Plaintiff, ) ) vs. ) ) CAROLYN W. COLVIN,[1] ) Commissioner of Social ) Security Administration, ) Defendant. ) _____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #6) and "Brief in Support ..." (document #6-1), both filed August 16, 2013; and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed November 1, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[2]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the

---

[1]Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin will be substituted for Michael J. Astrue as the Defendant in this matter. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is necessary.

[2]Pursuant to the Text-Only Social Security Scheduling Order entered on June 14, 2013, this matter is ripe upon the filing of Defendant's Motion and Memorandum. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

1

Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On December 1, 2009, Plaintiff filed an application for a period of disability and Social Security Disability Insurance Benefits ("DIB"), alleging that she was unable to work after September 28, 2007. (Tr. 158).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 46-56, 58-69). Plaintiff subsequently requested a hearing which was held on August 29, 2011. (Tr. 23-45).

On November 3, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 11-22). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21). The ALJ also found that Plaintiff suffered from bilateral carpal tunnel syndrome with status post right carpal tunnel release surgery, arthritis, and depression, which were severe impairments within the meaning of the regulations (Tr. 21), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[3] "to perform simple routine, repetitive light work,[4] that may require frequent but not constant handling and fingering with the right upper extremity." (Tr. 19, 21). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged. The ALJ

---

[3]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the RFC. (Tr. 17-19, 21). Based upon that RFC, the ALJ then found that Plaintiff could not perform her past relevant work as an accounting clerk. (Tr. 20-21).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light jobs (storage facility rental clerk, self service retail sale attendant and photocopy machine operator) that Plaintiff could perform. The V.E. stated that 10,485 of these jobs existed in North Carolina. (Tr. 20). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that she was not disabled during the relevant period. (21-22).

Plaintiff filed a timely Request for Review by the Appeals Council. Plaintiff submitted one-page checklist opinions from her treating physicians, Doctors Nettie Y. Beverly-Rudisel and John F. Babich, to the Appeals Council. (Tr. 556 and 565). Those opinions were prepared on February 9 and 17, 2012, respectively. Id.

By notice dated January 29, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-6).

Plaintiff filed the present action on March 19, 2013. She assigns error to the ALJ's assessment of her RFC, her credibility and her subjective complaints of pain. See Plaintiff's "Brief in Support ..." at 1-2, 16-19 (document #6-1). Plaintiff contends that the Appeals Council erred by failing to give controlling weight to the checklist opinions prepared by her treating physicians. Id. at 1-2, 9-15. Plaintiff also assigns error to the Appeals Council's failure to remand

3

this matter to the ALJ for consideration of those opinions. Id. at 1-2, 15-16. The parties' cross-motions are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

4

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[5] The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. It is Plaintiff's burden, however, to establish her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo),

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The ALJ's RFC determination is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history, as well as the opinions of state agency reviewing physicians Doctors A.K. Goel and Nancy Lloyd. (Tr. 19, 58-69). The ALJ explained that opinions of the non-examining physicians are not entitled to controlling weight, but must be considered "as those of highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the social security act." (Tr. 19). See Lusk v. Astrue, No. 1:11cv-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence, citing 20 C.F.R. §§ 404.1527(c) and (e), 416.927(c) and (e)). See also Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

The ALJ noted that "the state agency medical consultants concluded that the claimant retained the capacity to meet the mental demands of work and that she retained the capacity to perform 'medium' work not requiring more than limited handling and fingering with her right upper extremity" (Tr. 19).[6] The ALJ found those opinions to be consistent with the evidence and accorded them significant weight in assessing Plaintiff's RFC (Tr. 19).[7] Plaintiff does not point to any evidence establishing specific functional limitations that were unaccounted for in the ALJ's RFC determination.

---

[6] Specifically, the state agency doctors opined that Plaintiff retained the mental RFC to perform simple, routine repetitive tasks ("SRRTs"). (Tr. 64). This opinion is consistent with the ALJ's RFC finding. (Tr. Tr. 19; Tr. 21, Finding 7).

[7] The ALJ explained that he was not persuaded that Plaintiff could lift the fifty pounds required for "medium" work, and accorded this part of the opinion less weight. (Tr. 19). The ALJ limited Plaintiff to no more than twenty pounds of lifting. (Tr. 19).

Plaintiff argues that the Appeals Council erred by not according controlling weight to the questionnaires completed by Doctors Bevery-Rudisel and Babich. Document #6-1 at 9-15, citing Tr. 556 & 565. The Fourth Circuit has held that a treating physician's opinion need not be accorded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

A checklist opinion is "entitled to relatively little weight." Berrios Lopez v. Sec'y of Health & Human Servs., 952 F.2d 427, 431 (1st Cir. 1991). See also 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion . . . the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion"); Halloran v. Barnhart, 362 F.3d 28, 31 n.2 & 32 (2d Cir. 2004) (checklist opinions are "only marginally useful" and "not particularly informative"); Craig, 76 F.3d at 590 (physician's opinion that is not supported by objective evidence should be accorded significantly less weight); Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987) (checklist forms "unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence") (citing Third Circuit authority).

The checklist opinions from Doctors Bevery-Rudisel and Babich do not assess any

specific functional limitations. (Tr. 556 & 565). These doctors state generally that Plaintiff is unable to sustain the mental or physical demands of substantial gainful activity, which is akin to saying that she is "disabled" or "unable to work." Id. "Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner . . . Because they are administrative findings, 'treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.'" Pascoe v. Astrue, No. 1:11-cv-226-MR-DLH, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012) (rec. dec. aff'd Aug. 14, 2012) (quoting SSR 96-5p, 1996 WL 374183).

The Appeals Council considered the checklist opinions, but found they did not provide a basis for remand. (Tr. 2). Plaintiff has not shown how any evidence in the record supports the statement of Doctors Bevery-Rudisel and Babich that she is unable to perform substantial gainful activity. Plaintiff simply asserts in conclusory fashion that these statements are "consistent with the objective evidence in the record (multiple surgeries, EMG studies, MRI scan)." Document #6-1 at 15.

For these reasons, the undersigned concludes that substantial evidence supports the Appeals Council's decision that the checklist opinions were not entitled to controlling weight and do not warrant remand.

Plaintiff also argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological,

or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (citing 20 C.F.R. § 416.929(b); and § 404.1529(b)); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ is not required to discuss each factor enumerated in 20 C.F.R. §§ 404.1529(c) and 416.929(c). Rather, the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The record contains evidence of Plaintiff's bilateral carpal tunnel syndrome with status post right carpal tunnel release surgery, arthritis, and depression – which could be expected to produce some of the symptoms claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. This determination is supported by substantial evidence.

9

The ALJ noted that Plaintiff never reported her alleged limitations to her treating physicians. The ALJ found that:

> For example, although the claimant testified that a 10-pound bag would be too heavy for her to lift, that she could stand for only half an hour, and that she could not sit for more than 20 to 30 minutes, the medical records are not supportive. It would be reasonable to expect that if the claimant in fact had such extreme functional limitations, she would have reported them to her treating physicians, at least on occasion, rather than simply endure them in silence month after month and year after year. Yet, she did not report such extreme limitations in her ability to lift and sit.

(Tr. 17). In similar fashion, the ALJ addressed Plaintiff's subjective testimony about side effects from her medication. The ALJ explained that he could not credit her testimony because Plaintiff never reported any limiting side effects to her physicians. (Tr. 18). See Wilkerson v. Astrue, No. 7:10-CV-77-D, 2011 WL 3951165, at *11 (E.D.N.C. Aug. 19, 2011) (noting that an ALJ may properly consider the fact that a claimant never reported significant symptoms to his or her treating sources). An ALJ may properly discount a claimant's allegation that she is disabled where "the level . . . of treatment is inconsistent with the level of complaints." SSR 96-7p, at *7. See also Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (Luttig, J., concurring) ("[A]n unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the . . . credibility" of complainant's allegation that she is disabled).

The ALJ then discussed the lack of support for Plaintiff's alleged symptoms found in her physicians' records:

> It would be reasonable to expect that if the claimant had such extreme limitations, manifestation of them would be readily apparent to her treating physicians, who would record any such manifestations whether the claimant reported or not. Yet, none of the claimant's treating, attending or examining physicians made such

10

> records. Rather, examining physician Dr. Hillman found that the claimant had full muscle strength in her left upper extremity, only modestly limited strength in her right upper extremity, and no muscle atrophy. Moreover, treating neurologist Dr. Gann found that an EMG/NCV was consistent with only mild left carpal tunnel syndrome, and opined that the claimant's complaints "were out of proportion." It is not persuasive that even the highly trained, ethical and independent professionals such as Dr. Hillman and Dr. Gann would record such objective findings and render such an opinion if the claimant was as functionally limited as she indicated in her testimony.

(Tr. 17-18). See e.g., Ruff v. Colvin, No. 1:12-CV-165, 2013 WL 4487502, at *6 (W.D.N.C. Aug 20, 2013) (noting that in assessing credibility an ALJ may consider inconsistencies between subjective statements and objective evidence).

The ALJ also discussed inconsistencies between Plaintiff's complaints to the Agency and statements she made to her physicians:

> Although the claimant testified that despite the use of medication she continued to have daily pain, the medical records are again not supportive that any residual pain she has is of such severity as to render her unable to perform basic work related activities. For example, in April 2010 the claimant told her pain management specialist, Dr. Sair, that she obtained "50 percent" symptom relief with medications. This necessarily means that even if the claimant's untreated pain was continuously the worst imaginable; i.e. a 10 on a scale of 1 to 10, with treatment, her pain would be reduced to a 5 on the same scale. While still significant, pain at a 5 is not of such severity as to support a conclusion that the claimant is rendered unable to perform basic work related activities. More to the point, there is no indication that the claimant's untreated chronic pain is the worst imaginable. Rather it is safe to presume that her untreated pain would be at a lower level . . . Moreover, as late as July 2011 the claimant told Dr. Sair that she had realized "good success" with lumbar epidural steroid injections and that she did not need further injections. It is not persuasive that the claimant would make such a report to Dr. Sair if she in fact continued to suffer pain of such severity as to render her unable to perform basic work related activities. In view of the foregoing I can only conclude that despite the claimant's testimony, her pain management treatment regimen is effective in controlling her pain.

(Tr. 18). See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986) (noting that "pain is not disabling per se). Moreover, it is proper for the ALJ to focus on the benefit Plaintiff received

from treatment. Rogers v. Barnhart, 204 F.Supp.2d 885, 894 (W.D.N.C. 2002) (evidence of limited but effective medication was inconsistent with complaints of pain).

Although the medical records establish that the Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #6) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the

right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: November 15, 2013

David S. Cayer
United States Magistrate Judge